UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD UTRIA,

    Plaintiff,

v.                                                                          Case No. 3:21cv111-LC-HTC

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983.  ECF Doc. 1. The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice as malicious for Plaintiff's failure to prosecute, failure to comply with Court orders, and failure to disclose his prior litigation.

I.     **FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS**

On or about January 19, 2021, this matter was transferred to this Court from the Middle District of Florida, where the complaint was initially filed. ECF Doc. 3;

*see also Utria v. Florida Department of Corrections*, 3:21cv31 (Florida Middle District Court). Upon review, the Court determined Plaintiff had not submitted a complete motion to proceed *in forma pauperis*. ECF Doc. 6. Thus, on February 1, 2021, the Court entered an order directing the clerk to send Plaintiff a complete set of forms needed to file a motion to proceed *in forma pauperis* and giving Plaintiff twenty-one (21) days to file a completed motion or pay the $402.00 filing fee. *Id.* at 2. The Court's deadline passed, and Plaintiff did not file a motion to proceed *in forma pauperis* or pay the requisite filing fee.

On March 3, 2021, the Court gave Plaintiff an additional fourteen (14) days to comply with the Court's prior order to show cause why this case should not be recommended for dismissal for failure to prosecute or comply with a Court order. ECF Doc. 7. Plaintiff was advised that failure to respond to the Court's order may result in a recommendation that his case be dismissed without further notice. *Id.* Plaintiff's deadline to respond to the Court's order has passed, and Plaintiff has failed to show why the undersigned should not recommend his case for dismissal for failure to prosecute and failure to comply Court orders.

It has been nearly three (3) months since Plaintiff initiated this action, and Plaintiff has yet to file a complete application to proceed *in forma pauperis* or pay the $402.00 filing fee. Thus, this action should be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

Case No. 3:21cv111-LC-HTC

## II.  PLAINTIFF'S FAILURE TO DISCLOSE HIS LITIGATION HISTORY

As an additional ground for dismissal, Plaintiff also failed to disclose his entire litigation history. Although Plaintiff filed his complaint on an outdated version of the Middle District's official form, Plaintiff's complaint, nonetheless, contains the same obligations required by this District's official form. At the end of the complaint, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT." ECF Doc. 1 at 7. Despite that declaration, Plaintiff made false representations on the complaint form by omitting two (2) federal lawsuits he previously filed.

Section III of Plaintiff's complaint, titled Previous Lawsuits, specifically asks: "**Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?**" and "**Have you initiated lawsuits . . . in federal court that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted?  If so, identify these suits below by providing the case number, the style, and the disposition of each case.**" ECF Doc. 1 at 2-3.

Plaintiff checked "No" in response to the first question and did not identify any prior cases under the second. *Id.* Thus, Plaintiff swore, at the time he filed his complaint, he had not previously filed any federal cases challenging his conviction

or otherwise relating to the conditions of his confinement and he had not previously filed any federal cases which were dismissed for a reason constituting a strike under 28 U.S.C. § 1915(g).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned takes judicial notice of the following two (2) federal actions Plaintiff filed but failed to disclose.[1]

>    *Utria v. Failk et al.*, 1:09cv21010 (Florida Southern District Court) (dismissed for failure to state a claim)
> 
>    *Utria v. Harper et al.*, 3:19cv167 (Florida Middle District Court) (judgment entered in favor of defendants)

Plaintiff did not disclose these federal actions despite the complaint form's clear instructions and despite relating to Plaintiff's underlying conviction, the conditions of his confinement, and having been dismissed for failure to state a claim.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable

---

[1] The Court acknowledges the PACER database for Richard Utria also lists *Utria v. Harper, et al.*, 1:19cv16 (N.D. Fla.). However, that case was transferred to the Middle District and opened as case 3:19cv167, which the Court identifies above.

standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false responses to go unpunished. As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

Thus, an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

Accordingly, it is respectfully RECOMMENDED, that:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's failure to prosecute, Plaintiff's failure to comply with Court orders, and Plaintiff's abuse of the judicial process.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 30th day of March, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.